People v DeJesus (2019 NY Slip Op 00898)





People v DeJesus


2019 NY Slip Op 00898


Decided on February 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY, JJ.


2017-09004

[*1]The People of the State of New York, respondent,
v
Domingo A. DeJesus, appellant. (S.C.I. No. 10087/17)


Janet E. Sabel, New York, NY (Heidi Bota of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and John F. McGoldrick of counsel; Kristin Rainis on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Suzanne Melendez, J., at plea; Althea Drysdale, J., at sentence), imposed May 8, 2017, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
The defendant's purported waiver of the right to appeal was invalid and, thus, does not preclude review of his excessive sentence claim (see People v Lopez, 6 NY3d 248, 257). The Supreme Court failed to adequately explain the nature of the right to appeal, and the court's colloquy conflated the right to appeal with the rights that are automatically forfeited upon a plea of guilty (see People v Johnson, 165 AD3d 702; People v Glover, 164 AD3d 1259; People v Brown, 122 AD3d 133, 137-138, 141; see generally People v Bradshaw, 18 NY3d 257, 264). Moreover, although the defendant executed a written appeal waiver form, the court did not ascertain on the record whether the defendant read the waiver or discussed it with defense counsel, or whether he was aware of its contents (see People v Brown, 122 AD3d 133, 145). Under these circumstances, the record does not reflect that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see id. at 145).
Nevertheless, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
LEVENTHAL, J.P., AUSTIN, ROMAN, MALTESE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court